**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3562
_____

UNITED STATES OF AMERICA; STATE OF CALIFORNIA; STATE OF FLORIDA;
STATE OF NEW JERSEY, EX REL., PAUL DENIS

v.

MEDCO HEALTH SOLUTIONS INC; EXPRESS SCRIPTS HOLDING COMPANY

Paul Denis,
                    Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-11-cv-0684)
District Judge: Honorable Richard G. Andrews
_____

Argued on September 26, 2018

Before:  SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*

(Filed: June 18, 2019)

David S. Stone [ARGUED]
Robert A. Magnanini
Jason S. Kanterman
Stone & Magnanini
100 Connell Drive, Suite 2200
Berkeley Heights, NJ  07922

          *Counsel for Appellant*

Craig D. Singer [ARGUED]
Enu Mainigi
Williams & Connolly
725 12th Street, N.W.
Washington, DC 20005

*Counsel for Appellees*

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*

Paul Denis, proceeding as a *qui tam* relator under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, appeals the District Court's Order granting the motion to dismiss of appellants Medco Health Solutions, Inc. and its parent, Express Scripts Holding Company (collectively "Medco"). For the reasons explained below, we affirm.

**I.**

Medco is a pharmacy benefit manager ("PBM") which manages prescription drug benefits pursuant to contracts with its clients, including managed care organizations, health insurers, employers, and unions. Medco negotiates with pharmaceutical manufacturers to secure discounts and rebates. Denis was hired by Medco in 1992 and served as one of its Vice Presidents from 1995 to 2008, when he left the company.

---

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Multiple previous lawsuits have involved allegations that Medco and other PBMs received from pharmaceutical manufacturers improper rebates, discounts, or other benefits that should have been passed on to the client healthcare plans. Here, Denis makes such claims concerning Medco's relationship with the manufacturer AstraZeneca ("AZ"). He alleges that Medco accepted kickbacks from AZ in the form of hidden discounts in confidential agreements in exchange for favoring certain drugs from AZ on Medco's formularies.

Denis contends these payments violated the federal Anti-Kickback Statute, *see* 42 U.S.C. § 1320a-7b(b), and were disguised as purchase discounts to avoid detection. He alleges the prescriptions for these drugs were tainted by the alleged kickback violations, and that resulting requests for payments submitted to government healthcare plans were therefore false claims under the FCA.

Following the filing of Denis' original Complaint and an amended Complaint, the United States declined to intervene. After Denis filed his Third Amended Complaint ("TAC"), Medco moved to dismiss, and the District Court granted that motion and dismissed the TAC for lack of subject matter jurisdiction under the public disclosure bar and under a separate jurisdictional barrier known as the first-to-file rule. In particular, the Court dismissed the TAC with leave to amend, concluding that the allegations in the TAC had been disclosed in previous federal lawsuits and in the media, triggering the public disclosure bar.

3

After the filing of Denis' Fourth Amended Complaint (hereinafter "Complaint"), Medco filed another motion to dismiss, and the District Court granted the motion, this time with prejudice, based on the public disclosure bar. The Court determined that it lacked subject matter jurisdiction over Denis' claims involving his pre-2010 allegations because he did not have the requisite direct and independent knowledge to satisfy the original source exception to the FCA's public disclosure bar.[1] This appeal followed.

## II.[2]

"The *qui tam* provision of the [FCA] permits, in certain circumstances, suits by private parties on behalf of the United States against anyone submitting a false claim to

---

[1] In the District Court, Denis alleged that Medco engaged in the same fraudulent scheme starting in 2005. Congress amended the public disclosure bar in 2010, and those changes do not apply retroactively. *Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 283 n.1 (2010); *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 232 n.3 (3d Cir. 2013). Therefore, the District Court grappled with the issue of whether the pre-2010 version of the public disclosure bar should be applied to the entire continuing fraud claim, because that was the statute in effect at the time the claim accrued, or whether the pre-2010 version of the statute should be applied to the alleged pre-2010 conduct ("pre-2010 claim"), and the post-2010 statute should be applied to the alleged post-2010 conduct ("post-2010 claim"). Although the District Court believed the former would be the "better approach," the Court pointed to non-precedential caselaw in this Circuit, and followed the latter approach. In any event, since we find that Denis waived his post-2010 claim on appeal, we need not address that issue here, since the parties do not dispute that the pre-2010 version of the FCA's public disclosure bar applies to the pre-2010 claim. Accordingly, unless otherwise noted, any discussion herein regarding the public disclosure bar refers to the pre-2010 version. *See, e.g., Wilson*, 559 U.S. at 283 n.1; *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 840 n.1 (3d Cir. 2014); *Zizic*, 728 F.3d at 232 n.3.

[2] Denis brought his FCA claims in the District Court pursuant to 31 U.S.C. § 3732, and we have appellate jurisdiction under 28 U.S.C § 1291. This Court exercises plenary review over a district court's dismissal for lack of subject matter jurisdiction. *Schumann*, 769 F.3d at 845.

the Government." *Schumann*, 769 F.3d at 840 (quoting *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 941 (1997)).  However, "to strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits," *see Wilson*, 559 U.S. at 294-95, the FCA's public disclosure bar withdraws jurisdiction over, among other things, suits based on information that had been previously disclosed unless "the person bringing the action is an original source of the information," *see Schumann*, 769 F.3d at 840 (quoting 31 U.S.C. § 3730(e)(4)(A)).

Here, Denis does not appeal the District Court's conclusion that his claims are based on publicly disclosed information, and that his claims are thus barred unless he is an original source under the FCA.  *See* Appellant Br. 32 n.9.  Rather, Denis' appeal challenges the conclusion that he was not an "original source of the information" for purposes of the FCA.  *Id.*

"Original source" is defined as "an individual who has *direct and independent* knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action . . . which is based on the information." *Schumann*, 769 F.3d at 841 (quoting § 3730(e)(4)(B)) (emph. added); *see U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir. 1991) (noting the conjunctive "and" indicates "direct" and "independent" each impose distinct requirements).  "Direct knowledge is knowledge obtained without any intervening agency, instrumentality, or influence: immediate." *Schumann*, 769 F.3d at 845 (quoting *U.S. ex rel. Atkinson v. P.A. Shipbuilding Co.*, 473

5

F.3d 506, 520 (3d Cir. 2007)) (internal quotation marks omitted). We have also described direct knowledge as "first-hand [knowledge], seen with the relator's own eyes, unmediated by anything but [the relator's] own labor, and by the relator's own efforts, and not by the labors of others, and . . . not derivative of the information of others." *Id.* (quoting *U.S. ex rel. Paranich v. Sorgnard*, 396 F.3d 326, 336 (3d Cir. 2005)).

"Independent knowledge" means "knowledge of the fraud cannot be merely dependent on a public disclosure." *Id.* (quoting *Paranich*, 396 F.3d at 336). "[A] relator who would not have learned of the information absent public disclosure [does] not have 'independent' information" under the pre-2010 FCA. *Id.* (quoting *Stinson*, 944 F.2d at 1160). Further, "a relator cannot be said to have 'direct and independent knowledge of the information on which [its fraud] allegations are based,' if the relator has no direct and independent knowledge of the allegedly fraudulent statements." *Id.* at 846 (quoting *U.S. ex rel. Mistick PBT v. Housing Auth. of Pittsburgh*, 186 F.3d 376, 389 (3d Cir. 1999)) (internal quotation marks omitted).

In *Schumann v. AstraZeneca Pharmaceuticals*, a former Medco employee alleged a substantially similar fraud between Medco and AZ as Denis does. *See, e.g., Schumann*, 769 F.3d at 843 (Schumann alleged, among other things, improper rebates and payments from AZ in exchange for Medco favoring certain drugs on its formularies for health plans managed by Medco). As in this case, Schumann's claims were substantially similar to other prior public disclosures. *See id.* at 844.

6

Schumann was a Vice President in Medco's Pharmaceutical Contracting group, who alleged that his "direct and independent" knowledge was derived from "reviewing confidential agreements and internal documents" and from "discussing formularies, rebates, various fee arrangements, and best-price implications with Medco colleagues and AZ officials." *Id.* at 842, 848. Schumann also alleged he "negotiate[ed] extensions of those agreements and arrangements; and encourage[ed] health plans managed by Medco to favor AZ [products]." *Id.* at 848.

Our Court determined that Schumann was not an "original source" for purposes of the pre-2010 public disclosure bar because his knowledge was not "direct" and "came from reviewing documents and discussing them with colleagues who participated in the underlying events." *Id.* "Shumann substitute[d] experience-based belief that misconduct was occurring for the requisite direct and independent knowledge. This is plainly insufficient to qualify as an original source under the FCA." *Id.*

Here, the District Court correctly concluded that Denis was not an original source under the pre-2010 statute. Denis' Complaint does not allege that he took part in negotiating agreements between Medco and AZ that produced the allegedly fraudulent discount arrangement at issue in this case. His allegations involving those dealings reflect exclusively information he learned second-hand from other Medco employees and reviewing the agreements already in place.

For the foregoing reasons, we affirm.

7